UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

——————————————————————
)
GLORIA HALCOMB,                    )
)
    Plaintiff,                   )
)    Civil Action No. 01-01428 (RBW)
    v.                           )
)
OFFICE OF THE SERGEANT-AT-         )
ARMS OF THE UNITED STATES          )
SENATE,                            )
)
    Defendant.                   )
——————————————————————)

**<u>MEMORANDUM OPINION</u>[1]**

    Currently before this Court is the Defendant's Motion for Reconsideration of the Court's

April 14, 2005, Order Based on Lack of Subject Matter Jurisdiction ("Def.'s Mot.") [D.E. # 86].[2]

The defendant seeks reconsideration of the Court's April 14, 2005 Order granting the plaintiff's

Motion for Leave for Time ("Pl.'s Mot.") to file a brief and arguments advocating the Court's

review of the Office of Compliance's administrative decision with respect to her discrimination

and retaliation claims related to the termination of her employment.  For the reasons stated

below, the Court will grant the defendant's motion for reconsideration and therefore reverses its

decision granting the plaintiff's  motion for leave to file challenges to the affirmance by the

Board of Directors of the Office of Compliance ("Board") of the final administrative decision of

---

[1] The Court apologizes for the delay in ruling on this motion.  The law clerk assigned to this case inadvertently overlooked the pending motion, and because the Court had granted the defendant's request for a stay of these proceedings and this case was therefore administratively closed, the motion did not appear as pending on the Court's Civil Justice Reform Act motions list.

[2] The defendant's motion for reconsideration incorporates Defendant's Opposition to Plaintiff's Motion for Leave for Time ("Def.'s Opp'n), which more fully sets forth its argument for reconsideration of the Court's April 14, 2005 Order.

the Sergeant-At-Arms of the United States Senate's Office of Compliance ("Office of

Compliance").

## I.  Factual Background

The plaintiff, Gloria Halcomb, initiated this action on June 27, 2001, asserting claims of

race and sex discrimination and retaliation against the Office of the Sergeant-At-Arms of the

United States Senate ("Sergeant-At-Arms"), pursuant to the Congressional Accountability Act

("CAA"), 2 U.S.C. §§ 1301-1438 (2000).  Complaint ("Compl.") ¶¶ 19-22. On June 3, 2002, this

Court issued a Memorandum Opinion dismissing without prejudice the plaintiff's retaliation

claim for failure to exhaust her administrative remedies with respect to that claim.  Specifically,

dismissal was ordered because the plaintiff had not participated in counseling and mediation

before filing suit in this Court, as required by the CAA.  Halcomb v. Senate Sergeant-At-Arms,

209 F. Supp. 2d 175, 178-79 (D.D.C. 2002).  After counseling and mediation of the retaliation

claim was completed, the plaintiff moved to amend her complaint to reassert her retaliation claim

along with her claims of race and sex discrimination, which was opposed by the defendant.  The

Court subsequently granted the plaintiff's motion for leave to amend her complaint and it was

deemed filed as of June 19, 2003.[3]  While a ruling on the plaintiff's motion to amend her

complaint was pending, her employment with the Sergeant-At-Arms was terminated on May 21,

2003.  Defendant's Opposition to Plaintiff's Motion for Leave for Time ("Def.'s Opp'n") at 2.

In response to her termination, on June 18, 2003, the plaintiff requested that this Court

---

[3] As an attachment to her Amended Complaint, the plaintiff submitted a letter from the Office of
Compliance dated June 25, 2002, which confirmed that she had completed counseling and mediation of her claims as
required by 2 U.S.C. § 1408(a) (2000). Am. Compl., Exhibit ("Ex.") B at 1.  Specifically, the letter confirmed that
the plaintiff completed counseling on April 11, 2002, and mediation on June 24, 2002. Id.

enjoin the Sergeant-At-Arms from terminating her employment, again claiming discrimination and retaliation in violation of the CAA.  Id.; see also Application for Temporary Restraining Order at 1.  The Court denied the plaintiff's request for a temporary restraining order because, inter alia, "th[e] Court [is] without subject-matter jurisdiction pursuant to the [CAA], to entertain [the] plaintiff's application for injunctive relief as she [had] failed to exhaust the administrative remedies available to her under the Act."  See July 2, 2003 Order at 1.  Although the plaintiff had requested counseling by the Office of Compliance of the Sergeant-At-Arms on June 20, 2003, it was not until August 11, 2003, that she made a request for mediation.  Def.'s Opp'n at 2 (citing Declaration of Claudia A. Kostel ("Kostel Decl.") at Tab A (Certificate of Official Record of the plaintiff's request for counseling and mediation with respect to her termination claims).  The counseling and mediation periods ended on July 22 and October 14, 2003 respectively, and the plaintiff was provided notice and acknowledged receipt of the notifications at the conclusion of each period.  Id.  This Court then held a status conference on October 17, 2003, which resulted in the issuance of an Order authorizing the plaintiff to amend her existing complaint to add the discrimination and retaliation claims related to the termination of her employment.  The Court imposed a deadline of December 19, 2003, for the plaintiff to file an amended complaint.   Def.'s Opp'n at 2; see also October 17, 2003 Order .  However, the plaintiff chose not to file an amended complaint with this Court and instead on December 18, 2003, opted to file an administrative complaint with the Office of Compliance pursuant to 2 U.S.C. § 1405(a), asserting in that forum her claims against the Sergeant-At-Arms related to the termination of her

employment.  Id. at 2-3[4] (citing Kostel Decl. ¶ 4).[5]  She subsequently amended her administrative

complaint on January 23, 2004, alleging three claims related to her termination: racial

discrimination, retaliation for engaging in activity protected by the CAA, and the creation of a

sexually charged hostile work environment.  Def.'s Opp'n at 3 (citing Kostel Decl. at Tab B

(Revised Administrative Complaint Against Respondent SAA)).  The administrative case was

ultimately tried before an independent hearing officer who, upon motion of the Sergeant-At-

Arms, dismissed the hostile work environment claim.[6]

On October 14, 2004, the Office of Compliance hearing officer issued a written decision

finding for the defendant on her two remaining claims (discrimination and retaliation), concluding

that the plaintiff had failed to prove either of these claims.  Id. at 4 (citing Pl.'s Mot., Ex. A

(Hearing Officer's Decision); Kostel Decl. ¶ 7).  The plaintiff appealed this decision to the Board

of Directors of the Office of Compliance ("Board"), and the Board affirmed the hearing officer's

decision.  Id. at 4 (citing Pl.'s Mot., Ex. B (Hearing Officer's Decision); Kostel Decl. ¶ 8).

Consequently, by letter dated March 18, 2005, the Executive Director of the Office of Compliance

notified the parties of the Board's final decision and advised her that "any party wishing to appeal

---

[4]The plaintiff's administrative complaint was assigned case number 03-SN-29 (CV, RP).

[5]2 U.S.C. § 1405 states that:
(a) In general

A covered employee may, upon the completion of mediation under section 1403 of this title, file a
complaint with the Office [of Compliance]. The respondent to the complaint shall be the employing office--

**(1)** involved in the violation, or
**(2)** in which the violation is alleged to have occurred,
and about which mediation was conducted.

[6]The plaintiff was represented at the administrative hearing by Sam Taylor, an employee representative in
the Office of Compliance.  Def.'s Opp'n (citing Kostel Decl. ¶ 3).

this case must do so by filing an appeal with the United States Court of Appeals for the Federal

Circuit, as required by section 407 of the Act, 2 U.S.C. § 1407." Id. at 4.  The plaintiff

subsequently filed the motion that is the subject of this opinion, requesting leave for time to

submit challenges with this Court for review of the Board's affirmance of the hearing officer's

decision.  Pl.'s Mot. at 1.  On April 14, 2005, the Court granted the plaintiff's motion, and the

defendant filed the present Motion for Reconsideration on the basis that this Court lacks subject

matter jurisdiction to review the Board's decision.  Def.'s Mot. at 1.  The plaintiff then filed her

Response to the Defendant's Motion for Reconsideration ("Pl.'s Resp."), asserting that this Court

does have subject matter jurisdiction to review the Board's decision based on "the doctrine of

supplemental and ancillary jurisdiction."  Pl.'s Resp. at 1.  However, this argument was offered as

a supplement to the plaintiff's initial argument in her motion for leave to file a brief in support of

this Court's review of the Board's affirmance of the final administrative decision.  Specifically,

she contends that, pursuant to 2 U.S.C. §1404, this court has original and primary jurisdiction

over her employment termination claims asserted in her complaint and amended complaint; Pl.'s

Mot. at 1; and that the filing of her application for a temporary restraining order, which was filed

in response to her termination, was a mere continuation of her original claims, and therefore this

court has jurisdiction to review the Board's affirmance of the administrative decision rendered by

the Office of Compliance.  Id. at 2-4.  The defendant filed its Reply in Support of its Motion for

Reconsideration ("Pl.'s Reply"), challenging the plaintiff's supplemental jurisdiction position.

Pl.'s Reply at 1-3.[7]

---

[7]For the reason stated in footnote 9, infra, the Court will not address the plaintiff's supplemental and
ancillary jurisdiction argument.

## II.  Standard of Review

The CAA creates a cause of action for certain legislative branch employees, including

employees of the Senate Sergeant-At-Arms, 2 U.S.C. § 1301(3)(B) (2000), for, <u>inter</u> <u>alia</u>, race and

sex discrimination and retaliation.  2 U.S.C. §§ 1311(a), 1317(a) (2000).  There is "a three-step

process by which an aggrieved employee may seek redress for perceived employment

discrimination [and retaliation] for which the sovereign immunity of the United States is waived."

<u>Delfani v. U.S. Capitol Guide Bd.</u>, No. 03-0949, 2005 U.S. Dist. WL 736644, at *3 (D.D.C. Mar.

31, 2005) (citing 2 U.S.C. § 1401 (2000)).  The first and second steps for exhaustion require

participation in both counseling and mediation before commencing either a civil or administrative

action.  2 U.S.C. § 1408(a); <u>Halcomb</u>, 209 F. Supp. 2d at 178-79 (holding that the Court lacked

subject matter jurisdiction pursuant to the CAA to consider the plaintiff's retaliation claim

because the plaintiff had not completed counseling and mediation as required by the CAA before

a suit may be commenced).  As for the third step, after completing counseling and mediation, the

plaintiff must make an election of the forum in which she chooses to further pursue her claims.  2

U.S.C. § 1404 (2000);[8] <u>see also</u> <u>Delfani</u>, 2005 WL 736644, at *3.  She can "either file an action in

district court or initiate an administrative proceeding . . . [with the Office of Compliance]."

<u>Delfani</u>, 2005 WL 736644, at *3 (citing <u>Banks v. Office of Senate Sergeant-at-Arms</u>, 222 F.R.D.

7, 12 (D.D.C. 2004)) (citing <u>Moore v. Capitol Guide Bd.</u>, 982 F. Supp. 35, 37 (D.D.C. 1997)).  In

---

[8] 2 U.S.C. § 1404 states that
> [n]ot later than 90 days after a covered employee receives notice of the end of the period or mediation, but no sooner than 30 days after receipt of such notification, such covered employee may either –
> (1) file a complaint with the Office [of Compliance] in accordance with section 405 [2 U.S.C. § 1405], or
> (2) file a civil action in accordance with section 408 [2 U.S.C. § 1408] in the United States district court for the district in which the employee is employed or for the District of Columbia.

other words, the plaintiff must file a complaint with the Office of Compliance or file a civil action

with the district courts no sooner than 30 and not greater than 90 days after receiving "notice of

the end of the period of mediation." 2 U.S.C. § 1404. And, once the plaintiff elects her forum,

access to the alternate forum is precluded. See Delfani, 2005 WL 736644, at *4. Moreover, after

selecting a forum, the plaintiff must adhere to the procedural prescriptions designated for that

forum by the CAA. Id. Thus, for example, if the plaintiff chooses to file a complaint with the

Office of Compliance, a review of the Office's decision by the Board may only be reviewed by the

Court of Appeals for the Federal Circuit, as it has exclusive jurisdiction to review decisions of the

Board. 2 U.S.C. § 1407(a) (2000). Thus, judicial review of a Board decision by a federal district

court is expressly prohibited. 2 U.S.C. § 1410 (2000).

### III. Analysis

The defendant asserts that this Court lacks subject matter jurisdiction of the plaintiff's

employment termination claims because she elected to pursue those claims through the CAA's

administrative adjudication process and therefore should not be permitted to file a challenge of the

Office of Compliance's decision with this Court. Def.'s Opp'n at 4. As the defendant notes, "the

CAA states unequivocally that the United States District Court of Appeals for the Federal Circuit

'shall have exclusive jurisdiction to set aside, suspend (in whole or in part), to determine the

validity of, or otherwise review the decision of the Board.'" Def.'s Mot. at 2 (citing 2 U.S.C. §

1407). In response, the plaintiff requests that this Court adopt the arguments advanced in her

motion for leave to file a brief wherein she requested that this court review the final administrative

decision regarding her termination claims. Specifically, she argues that pursuant to 2 U.S.C.

§1404, this court has original and primary jurisdiction over her employment termination claims.

Pl.'s Mot. at 1.  She further contends that the filing of her application for a temporary restraining

order, which was filed in response to her termination, was a mere continuation of her original

claims, and therefore this court has jurisdiction to review the Board's affirmance of the

administrative decision rendered by the Office of Compliance.  Id. at 2-4.  In other words, the

plaintiff opines that because she initially elected to pursue her claims of race and sex

discrimination and retaliation in this court, her subsequent claims related to the termination of her

employment were simply a continuation of the wrongful conduct asserted in the complaint filed

with this Court.  Id. [9]

        The Court finds that it is without jurisdiction to review the plaintiff's termination claims

submitted to the Office of Compliance by the plaintiff, adjudicated by that Office, and ultimately

affirmed by the Board, as her election of the administrative forum precludes review of those

claims by this Court.  This conclusion is mandated because the plaintiff fully completed the three-

step process for electing the forum of her choice to adjudicate her termination claims.  Delfani,

2005 WL 736644, at *3.  First, as noted above, in response to the plaintiff's termination, she filed

a motion for a temporary restraining order with this Court seeking reinstatement of her

employment.  Def.'s Opp'n at 2; Application for Temporary Restraining Order at 1.  The Court

denied this motion because it determined that it was without subject matter jurisdiction when the

application for injunctive relief was submitted.  See July 2, 2003 Order at 1.  Specifically, the

---

[9]As an additional argument, the plaintiff asserts that this Court has subject matter jurisdiction to review the
Board's affirmance under the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) (2000) which
states that "[t]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims
in the action within such original jurisdiction that they form part of the same case or controversy . . . ."  However, the
court need not address this argument because, as the defendant correctly states, supplemental jurisdiction is not a
basis upon which this Court may review the Board's decision.  Def.'s Reply at 2.  Specifically, because 2 U.S.C. §
1407(a)(1) expressly prohibits judicial review of Board decisions by any court except the Court of Appeals for the
Federal Circuit, this Court is precluded from joining what the plaintiff claims are related claims pursuant to 28
U.S.C. § 1367.

Court noted that it could not entertain the plaintiff's application for injunctive relief because she had failed to exhaust the administrative remedies available to her under the CAA.  Id.  Indeed, a plaintiff must exhaust her administrative remedies of counseling and mediation before commencing either a civil or administrative action.  2 U.S.C. § 1408(a); Halcomb, 209 F. Supp. 2d 175, 178-79 (holding that the Court lacked subject matter jurisdiction pursuant to the CAA to consider the plaintiff's retaliation claim because she had not completed counseling and mediation as required before a suit may be commenced).  And, the plaintiff subsequently completed the counseling and mediation requirements with respect to her termination claims on July 22, and October 14, 2003 respectively.  Def.'s Opp'n at 2 (citing Declaration of Claudia A. Kostel ("Kostel Decl.") at Tab A (Certificate of Official Record of the plaintiff's request for counseling and mediation with respect to her termination claims).

After completing the counseling and mediation requirements of § 1408(a), the plaintiff elected to initiate an administrative proceeding with the Office of Compliance.  The plaintiff pursued that course even though she was afforded the opportunity to amend her compliant in the action pending before this Court to add the claims related to the termination of her employment, see October 17, 2002 Order; see also Def.'s Opp'n  at 2-3 (citing Kostel Decl. ¶ 2).  The plaintiff acknowledges that she made this election, and that the claims related to her termination were adjudicated by the Office of Compliance.  Pl.'s Mot. at 2-3.  And, because the plaintiff chose to pursue the administrative course, she must now adhere to the procedural requirement for review of the decision of the Board as outlined by the CAA.  2 U.S.C. § 1407(a).  Namely, the plaintiff must now challenge the Board's affirmance of the Office of Compliance's decision in the Court of Appeals for the Federal Circuit, which has exclusive jurisdiction to review decisions of the Board.

9

Id.  Thus, judicial review of the Board's decision by this Court is expressly prohibited.  2 U.S.C. §
1410.

### IV. Conclusion

Based on the foregoing analysis, the defendant's motion for reconsideration is granted and
the Court's ruling with respect to the plaintiff's motion for leave to file a brief challenging the
Board's affirmance of the Office of Compliance's decision regarding the plaintiff's employment
termination claims is reversed and the plaintiff's motion is denied.[10]

**SO ORDERED** on this 13th day of July, 2007.[11]

REGGIE B. WALTON
United States District Judge

---

[10]For the same reasons expressed in this Memorandum Opinion, the plaintiff's Motion for Joinder of Parties
[D.E. #92] is denied.

[11]An Order consistent with this Memorandum Opinion is being issued contemporaneously herewith.